Fidelia REYES, Plaintiff–Appellant,

v.

Otis R. BOWEN, Secretary of Health
and Human Services,
Defendant–Appellee.

No. 86–1173.

United States Court of Appeals,
Tenth Circuit.

April 26, 1988.

Christine Pacheco–Ghelieh (Brian Patrick Lawlor of Colorado Rural Legal Services, Inc., Denver, Colo., with her on the briefs) of Colorado Rural Legal Services, Inc., Pueblo, Colo., for plaintiff-appellant.

Bill Pharo (Robert N. Miller, U.S. Atty., and James R. Cage, Asst. U.S. Atty., with him on the brief), Asst. U.S. Atty., for defendant-appellee. Ronald S. Luedeman, Chief Counsel, Region VIII, Thomas A. Nelson, Deputy Chief Counsel, Region VIII, and Jeffrey C. Blair, Asst. Regional Counsel, Dept. of Health and Human Services, of counsel.

Before HOLLOWAY, Chief Judge, and McKAY and TACHA, Circuit Judges.

TACHA, Circuit Judge.

This case, under the Social Security Act, involves the denial of Reyes's claim for supplemental security income based on disability. Reyes was 56 years old when she applied for benefits on June 23, 1982. She has a third grade education and has worked an an agricultural laborer. She suffers from poorly controlled diabetes mellitus, obesity (she is 5' 3" tall and weighs about 200 pounds), and degenerative arthritis. Her application was denied at every level in the administrative process, and she appealed to the district court. The district court remanded the case to the Secretary of Health and Human Services (Secretary). On remand, an Administrative Law Judge (ALJ) found that Reyes is disabled. The Appeals Council, acting for the Secretary, reversed the ALJ. The district court affirmed the Appeals Council's decision. We reverse.

Under the Social Security Act, the claimant bears the burden of proving a disability, within the meaning of the Act, that prevents her from engaging in her prior work activity. 42 U.S.C. § 423(d)(5). Once the claimant has made such a showing the burden passes to the Secretary to show that the claimant retains the ability to do other work activity and that jobs the claimant could perform exist in the national economy. *Frey v. Bowen,* 816 F.2d 508, 512 (10th Cir.1987); *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir.1984). If the Secretary does not meet this burden, the claimant is considered disabled and benefits are awarded. *Frey,* 816 F.2d at 512.

The Secretary uses a five-step process to evaluate disability claims for supplemental security income. 20 C.F.R. § 416.920; *see Bowen v. Yuckert,* —— U.S. ——, 107 S.Ct. 2287, 2290–91, 96 L.Ed.2d 119 (1987) (describes five-step evaluation process). If the Secretary finds that a person is disabled or not disabled at any point, the review ends. 20 C.F.R. § 416.920(a). Briefly, the five steps are as follows: (1) A person who is working is not disabled. 20 C.F.R. § 416.920(b). (2) A person who does not have an impairment or combination of impairments severe enough to limit the ability to do basic work activities is not disabled. 20 C.F.R. § 416.920(c). (3) A person whose impairment meets or equals one of the impairments listed in the regulations is conclusively presumed to be disabled. 20 C.F.R. § 416.920(d). (4) A person who is able to perform work she has done in the past is not disabled. 20 C.F.R. § 416.920(e). (5) A person whose impairment precludes performance of past work is disabled unless the Secretary demonstrates that the person can perform other work. Factors to be considered are age, education, past work experience, and residual functional capacity. 20 C.F.R. § 416.920(f). The Secretary may, in appropriate circumstances, use the Medical Vocational Guidelines (Grids), 20 C.F.R. § 404, subpt. P, App. 2, to determine whether other work exists that a claimant could perform. *Heckler v. Campbell,* 461 U.S. 458, 467–69, 103 S.Ct. 1952, 1957–58, 76 L.Ed.2d 66 (1983).

In the present case, the ALJ conducted a hearing at which Reyes appeared and testified. The ALJ also considered medical evidence submitted by two doctors: Reyes's treating physician and an examining physician who saw Reyes only once. Both physicians diagnosed Reyes as suffering from obesity, poorly controlled diabetes mellitus, and degenerative joint disease. The physicians differed, however, in their assessment of her functional capacity. The treat-

ing physician found that Reyes was disabled, whereas the examining physician found that Reyes had very minor limitations due to her impairments.

The ALJ considered Reyes's testimony and the medical evidence and found that Reyes does not have an impairment or combination of impairments that dictates an automatic finding of disability under the Social Security Act. He found that Reyes's testimony regarding her pain and physical limitations was credible when viewed in the light of objective medical evidence. He concluded that she could not return to her former work as a farm laborer but that she did have the residual functional capacity to perform sedentary work. The ALJ then applied the Grids to determine whether jobs that Reyes could perform exist in the national economy. Because of Reyes's advancing age, limited education, and lack of transferable work skills, the Grids dictated a finding that Reyes is disabled.

The Appeals Council did not adopt the ALJ's recommended decision. In its decision, the Appeals Council reviewed the medical evidence. After stating that due consideration had been given to the opinion of Reyes's treating physician, the Appeals Council rejected that opinion in favor of the examining physician's opinion that Reyes's impairments caused only a minimal degree of limitation on standing, overhead lifting, and stair climbing. Apparently on the basis of the examining physician's opinion, the Appeals Council found that this 56–year-old obese woman with diabetes and degenerative joint disease could perform her past work as a tomato picker. The district court affirmed the Secretary's decision stating that there was substantial evidence in the record to support the Secretary's decision.

■ On appeal, Reyes advances two arguments. She first contends that the Secretary, acting through the Appeals Council, has no authority to review an ALJ's decision unless one of the four grounds set out in 20 C.F.R. § 404.970(a) is met.[1] She argues that, in the present case, the Appeals Council must decide that the ALJ's decision is not supported by substantial evidence before it can review the case. She maintains that the role of the court is first to examine whether the Appeals Council was correct in concluding that the ALJ's decision was not supported by substantial evidence, and then to review the Appeals Council's decision. This question has been settled in this circuit. *Fierro v. Bowen,* 798 F.2d 1351 (10th Cir.1986), *cert. denied,* — U.S. ——, 107 S.Ct. 1602, 94 L.Ed.2d 789 (1987). The Secretary may review any decision of an ALJ, and the Secretary, acting through the Appeals Council, makes the final judicially reviewable decision in a given case. *Id.* at 1353–54. The role of the court is to review the decision of the Secretary; if it is supported by substantial evidence, it is conclusive. 42 U.S.C. § 405(g); *Fierro,* 798 F.2d at 1355.

■ Reyes also contends that the Secretary's decision is not supported by substantial evidence. There are specific rules of law that must be followed in weighing particular types of evidence in disability cases. *Frey,* 816 F.2d at 512. Failure to follow these rules constitutes reversible error. *Id.; Byron v. Heckler,* 742 F.2d 1232, 1235 (10th Cir.1984). Furthermore, it is well settled that administrative agencies must give reasons for their decisions. *SEC v. Chenery,* 318 U.S. 80, 94, 63 S.Ct. 454, 462, 87 L.Ed. 626 (1943); *Harberson v. NLRB,* 810 F.2d 977, 984 (10th Cir.1987). *See generally* Shapiro and Levy, *Heightened Scrutiny of the Fourth Branch: Separation of Powers and the Requirement of Adequate Reasons for Agency Decisions,* 1987 Duke L.J. 387 (section III discusses the evolution of the reasons requirement). This court has identified situations in Social Security disability cases where the reasons requirement is particularly important. Two of those situations are present in this case.

■ First, the Secretary must give substantial weight to the evidence and opinion of the claimant's treating physician,

---

1. § 404.970(a) provides that the Appeals Council will review a case if:

    (1) There appears to be an abuse of discretion by the administrative law judge;

    (2) There is an error of law;

    (3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or

    (4) There is a broad policy or procedural issue that may affect the general public interest.

unless good cause is shown for rejecting it. *Frey,* 816 F.2d at 513; *Turner v. Heckler,* 754 F.2d 326, 329 (10th Cir.1985). A treating physician's opinion may be rejected, but if it is rejected, the Secretary must give specific, legitimate reasons for his action. *Frey,* 816 F.2d at 513; *Byron,* 742 F.2d at 1235.

■■■ Second, although the Appeals Council may reject the ALJ's recommendation, that recommendation cannot be ignored. *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 492–96, 71 S.Ct. 456, 466–69, 95 L.Ed. 456 (1951); *Fierro,* 798 F.2d at 1355. If the Appeals Council rejects the ALJ's decision, it must fully articulate its reasons. *Fierro,* 798 F.2d at 1355. The court then decides "with heightened scrutiny" whether the Appeals Council's reasons are supported by the record. *Id.*

■ In the present case, the Secretary has not given specific, legitimate reasons for rejecting either the treating physician's opinion or the ALJ's decision. The Secretary offers only a conclusory statement. In discussing the treating physician's opinion, the Appeals Council's decision states "the weight to be given such opinion depends on the extent to which it is supported by specific clinical findings and is consistent with the other evidence of record. [The treating physician's] reports contain no findings which would outweigh those reported by the specialist, and which were supported by clinical and laboratory tests."

Initially we note that its decision seems to suggest that the Appeals Council applied an erroneous legal standard. The treating physician's opinion is to be given greater weight than an examining physician's opinion. *Frey,* 816 F.2d at 513; *Turner,* 754 F.2d at 329. So, the examining physician's report should be examined to see if it "outweighs" the treating physician's report, not the other way around.

Furthermore, the treating and examining physicians do not differ in their diagnoses. Both physicians found that Reyes suffers from diabetes mellitus, obesity, and degenerative joint disease. Their opinions differ only in their assessments of the limits these conditions place on Reyes's functional capacity. The Appeals Council's conclu-

sory statement hardly provides the justification legally required for rejecting the treating physician's opinion and accepting instead the examining physician's opinion.

The Appeals Council makes no other statements that could be construed as providing specific reasons for rejecting the ALJ's decision. Therefore, the Secretary has clearly not provided the legally required justification for rejecting the ALJ's decision.

Because the Secretary has not followed the applicable rules in evaluating the evidence and has not given adequate reasons for his decision, we find that the Secretary's decision is not supported by substantial evidence. We therefore reverse. Since it is clear from the record that the ALJ was correct in finding that Reyes is disabled and additional fact finding would serve no useful purpose, we remand for immediate award of benefits. *See Dollar v. Bowen,* 821 F.2d 530, 534 (10th Cir.1987).

REVERSED AND REMANDED.