905 F.2d 1533
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gaylord WILSON, Petitioner,
v.
HARMAN MINING COMPANY; Old Republic Insurance Company;
Director, Office of Workers Compensation Programs,
United States Department of Labor, Respondents.
 No. 89-3281.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1989.
Decided May 3, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (BRB No. 87-3195-BLA; 85-2883-BLA)
 Gaylord Wilson, petitioner pro se.
 Mark Elliott Solomons, Richard L. Rennert, Arter & Hadden, Washington, D.C.; Jeffrey Steven Goldberg, Michael J. Denny, United States Department of Labor, Washington, D.C., for respondents.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 Before DONALD RUSSELL, WIDENER and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gaylord Wilson appeals the decision of the Department of Labor Benefits Review Board (the Board). The Board affirmed the administrative law judge's (ALJ) ruling denying Wilson medical benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901-962.
 
 
 2
 In analyzing Wilson's claim that he suffers from pneumoconiosis, the ALJ incorrectly used 20 C.F.R. Part 718. Because this claim was filed before December 31, 1980, and is for medical benefits only, under 20 C.F.R. Sec. 725.701A the ALJ should have referred to 20 C.F.R. Part 727. Part 727 contains an interim presumption not found in Part 718, which the record discloses may apply to Wilson's claim. This interim presumption, Sec. 727.203, shifts the burden of proof from the claimant to the respondents if the claimant has engaged in coal mine employment for at least ten years and can meet one of four medical requirements by a preponderance of the evidence. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 143 (1987).
 
 
 3
 The ALJ found that Wilson had worked in coal mining for thirteen years. The record includes four pulmonary tests which the ALJ did not weigh under his Part 718 analysis. These tests should be weighed under Sec. 727.203(a) to determine if the burden of proof should be shifted to the respondents.
 
 
 4
 When an administrative agency makes an error in law it is appropriate for this Court to correct the error and then remand the case so the agency can examine the evidence as required by law. NLRB v. Pipefitters, 429 U.S. 507, 522 n. 9 (1977). In disability cases, specific rules of law must be followed in weighing particular types of evidence. Reyes v. Bowen, 845 F.2d 242, 244 (10th Cir.1988).
 
 
 5
 Due to the error in law made by the ALJ which may have denied Wilson the benefit of the Sec. 727.203 interim presumption, we vacate the decision of the Board and remand this case for decision under 20 C.F.R. Part 727. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 VACATED AND REMANDED.