948 F.2d 1295
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kirk A. TUCKER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services of the United States, Defendant-Appellee.
 No. 91-3077.
 United States Court of Appeals, Tenth Circuit.
 Nov. 20, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Invoking this court's jurisdiction pursuant to 42 U.S.C. § 405(g), claimant-appellant appeals the district court's affirmance of the Secretary's decision denying claimant's application for disability benefits. Claimant filed for benefits in 1988, asserting he had been disabled since June 1979 due to a substance abuse problem related to post-traumatic stress disorder. In order to be entitled to benefits, claimant must establish his disability as of June 30, 1982, the date his insured status terminated.
 
 
 2
 After conducting an evidentiary hearing, the administrative law judge (ALJ) determined, at the third level of the applicable five-step sequential analysis, see 20 C.F.R. § 404.1520; see also, e.g., Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir.1988), that claimant was not disabled because he retained the residual functional capacity to perform his past relevant work as a commercial artist. The Appeals Council denied claimant's request for review, making the ALJ's determination the Secretary's final decision. Claimant appealed the Secretary's decision to the district court, which affirmed.
 
 
 3
 "This court reviews the Secretary's decision to determine only whether his findings are supported by substantial evidence and whether the Secretary applied correct legal standards when making his decision." Hargis v. Sullivan, No. 90-6188, slip op. at 6 (10th Cir. Oct. 4, 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. We will not reweigh the evidence or substitute our judgment for that of the Secretary. Id. at 7. After careful review of the record, we affirm.
 
 
 4
 On appeal, claimant asserts two arguments: 1) the Secretary and the district court erred by failing to find claimant disabled due to a latent medical condition, post-traumatic stress disorder, which had its inception during claimant's insured status; and 2) the Secretary's denial of benefits was clearly contrary to the weight of the evidence.
 
 
 5
 Claimant asserts that the difficulties which he has suffered since 1979 stem from post-traumatic stress disorder, even though that disorder was not diagnosed until 1987. "[A] treating physician may provide a retrospective diagnosis of a claimant's condition. However, the relevant analysis is whether the claimant was actually disabled prior to the expiration of [his] insured status. A retrospective diagnosis without evidence of actual disability is insufficient." Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1348-49 (10th Cir.1990) (citations omitted).
 
 
 6
 The issue presented by this appeal, therefore, is whether claimant was disabled prior to June 30, 1982, as a result of the later-diagnosed post-traumatic stress disorder. Claimant had the burden of establishing a disability as of that date which prevented him from performing his past relevant work. See Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir.1988).
 
 
 7
 Substantial evidence contained in the record supports the Secretary's decision that, as of June 30, 1982, claimant retained the residual functional capacity to perform his past relevant work as a commercial artist and, therefore, was not disabled. The order of the United States District Court for the District of Kansas affirming the Secretary's denial of benefits is, therefore, AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3