**Bryan T. ALLEN, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 91–4010–S.**

United States District Court, D. Kansas.

Dec. 13, 1991.

Lane E. Williams, Legal Aid Society of Topeka, Inc., Topeka, Kan., for plaintiff.

Jackie A. Rapstine, U.S. Atty's. Office, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a petition for judicial review of the Secretary's decision by the plaintiff, Bryan T. Allen ("Allen"). The defendant Secretary of Health and Human Services ("Secretary") moves this court for an order affirming its decision. This is a proceeding under 42 U.S.C. §§ 1381 *et seq.*, for supplemental security income ("SSI") benefits. This court's jurisdiction to review a final order of the Secretary is predicated on 42 U.S.C. § 1383(c)(3), and 42 U.S.C. § 405(g).

 A brief overview of the procedural history is helpful to understand the current posture of the case. After initially having been denied benefits, an administrative law judge ("ALJ") awarded SSI benefits to Allen in a decision dated August 29, 1989. Allen was deemed to have been disabled due to AIDS from July 1988 when he applied for benefits. On October 31, 1989, after being granted benefits retroactive to July 1988, the Secretary notified Allen his monthly benefits for the period July 1988 through April 1989 were being reduced by one-third because of in-kind room and board support provided by his mother during that time. This decision was affirmed upon reconsideration, but Allen was granted a hearing before an ALJ on the issue. After the hearing, the ALJ found that the in-kind support should not be considered income attributable to Allen, but, rather, a loan from his mother which Allen was obligated to repay. Allen testified he and his mother had agreed that when he received his SSI benefits he would pay her back for the support. (R. at 67–75.) There was no agreement regarding how much Allen would pay for the support and maintenance, but after the service was provided they agreed $192.85 per month was fair. There is a statement in the record from Allen's mother reflecting the agreement. (R. at 110.) The ALJ based his finding that there was an agreement on Allen's testimony and his mother's statement. In deciding the support was a loan, the ALJ determined that Allen should be awarded the SSI benefits for the period in question without reducing the amount by one-third. On its own motion, the Appeals Council ("Council") reviewed the decision of the ALJ and reversed the award. This stands as the final decision of the Secretary. *Reyes v. Bowen,* 845 F.2d 242, 244 (10th Cir.1988). Allen now petitions this court for review and to set aside the order of the Council reversing the ALJ's award of retroactive SSI benefits for the period in question.

As an initial matter, the parties dispute exactly what issues are before the court for review. Allen contends this court is only reviewing whether the oral agreement between he and his mother is legally sufficient under Missouri law [1], and whether the in-kind support provided by his mother should be considered a loan, rather than

---

1. During the pendency of the proceedings before the Secretary, Allen was a resident of Mis- souri.

income, for the purpose of calculating retroactive SSI benefits. The standard for reviewing these issues, according to Allen, is whether the Council applied the correct legal standard. The Secretary, however, contends that, while the Council ruled that case law supporting the ALJ's position did not apply in this jurisdiction, the Council did not actually reach that issue. Rather, the Council determined Allen had not met the threshold burden of proving a valid loan agreement existed between him and his mother. Therefore, the Secretary contends this court should review the decision of the Council that a valid loan agreement did not exist, and the standard for such review is whether there is substantial evidence to support the Council's findings.

The Council has the authority to reverse factual findings and recommendations made by the ALJ, but in doing so must articulate specific and legitimate reasons for the action. *Reyes*, 845 F.2d at 245. This is especially true when the Council differs with the ALJ's assessment of witness credibility. *Fierro v. Bowen*, 798 F.2d 1351, 1355 (10th Cir.1986), *cert. denied* 480 U.S. 945, 107 S.Ct. 1602, 94 L.Ed.2d 789 (1987). This court then reviews the Council's decision with heightened scrutiny to determine if its reasons are supported by the record. *Reyes*, 845 F.2d at 245. In reviewing questions of law, however, it is grounds for reversal if the Council applied the incorrect legal standard. *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir.1988).

An examination of the correspondence between the Regional Commissioner and the Council, and between the Council and Allen leave no doubt that the Council undertook to review only the legal question of whether in-kind support of such things as food, clothing, and shelter can be a loan for the purpose of determining the proper amount of SSI due the claimant. In its letter to the Office of Hearings and Appeals, the Regional Commissioner reviewed the state of the case law regarding this issue and the applicable statutory and regulatory authority, and states that it is the position of the Secretary that money must

change hands for a valid loan to exist. (R. at 163.) The Regional Commissioner then recommended the Council consider reopening the ALJ's decision. (R. at 164.) The letter from the Regional Commissioner did not address whether the facts supported a valid loan agreement between Allen and his mother.

In a letter dated August 8, 1990, the Council notified Allen of its intent, on its own motion, to review the decision of the ALJ awarding retroactive SSI in the full amount. (R. at 165.) The Council stated in its letter:

> In deciding to review the decision, the Appeals Council has considered the enclosed memorandum from the Social Security Administration's Regional Commissioner in Kansas City and has applied the provisions of 20 CFR 416.1470 that a case will be reviewed if there is an error of law. The Council agrees with the Regional Commissioner's position on the issue. (R. at 165.)

In a second letter dated October 2, 1990, the Council stated:

> The Appeals Council, from its review of the record, has concluded that *Hickman* and *Ruppert* [the cases ruling that in-kind support may be a loan] do not apply in your case because you live in the Tenth Circuit, that there was no loan as defined in 20 CFR 416.1103(f), and that your supplemental security income was subject to the 'one-third reduction' in the months July 1988 through April 1989. In the absence of persuasive legal argument or evidence to the contrary, the Council proposes to issue a new decision in which it so finds. (R. at 166.)

In neither letter does the Council undertake to review the factual support for the ALJ's finding that Allen and his mother had entered into a valid loan agreement. Rather, it is obvious that the Secretary was concerned primarily with the issue of whether in-kind support can be the subject of a loan agreement.

The final decision of the Council outlines the action of the ALJ, then makes the following findings:

However, the evidence does not support a conclusion that, there was a loan agreement, and *Hickman* and *Ruppert* do not apply in this case because the claimant lived in the Eighth Circuit throughout the period in question and presently lives in the Tenth Circuit.

The claimant testified that before he moved in with his mother, they agreed that she would pay his expenses on loan, but did not discuss amounts or keep track of his expenses. He testified that at a later date they decided that he would give her half of his retroactive supplemental security income pay. In the absence of a more specific agreement, the alleged arrangement would not be a valid loan. Also, the claimant testified that no cash exchanged hands, and this also precludes a valid loan agreement under 20 CFR 416.1103(f). Although the courts in the *Hickman* and *Ruppert* cases have taken different positions on the issue of loans, those cases apply only in the Fifth and Second Circuits, respectively, and do not apply in the claimant's case.

Again, the Council did not review whether the factual findings of the ALJ supported finding a valid loan agreement. Although the Council stated the evidence did not support finding there was a valid loan agreement, it made no specific findings for this court to review and this court finds the Council did not review the ALJ's factual findings. The most that can be said from this final decision is that the Council did not believe the agreement was definite enough to constitute a valid loan agreement. This is reviewed as a question of law. From its decision, and the other letters in the record, it is clear to this court that the Secretary was most concerned with the ALJ's finding that the in-kind support was provided pursuant to a valid loan agreement.

Accordingly, the court finds the two issues to be addressed are whether in-kind support such as food, clothing and shelter may be the subject of a valid loan agreement and, if such support can constitute a loan, whether the agreement between Allen and his mother was legally sufficient under Missouri law.

For the first issue, the Secretary has taken the position that cash must change hands in order for a loan to fit the definition set forth in 20 C.F.R. § 416.1103(f). *See* Social Security Ruling 78–26. The regulation states:

(f) *Proceeds of a loan.* Money you borrow or money you receive as repayment of a loan is not income. However, interest you receive on money you have lent is income. Buying on credit is treated as though you were borrowing money and what you purchase this way is not income. 20 C.F.R. § 416.1103(f).

Under 42 U.S.C. § 1382a(a), income means both earned and unearned income. Unearned income includes:

(A) support and maintenance furnished in cash or kind; except that (i) in the case of any individual (and his eligible spouse, if any) living in another person's household and receiving support and maintenance in kind from such person, the dollar amounts otherwise applicable to such individual (and spouse) ... shall be reduced by 33⅓ percent in lieu of including such support and maintenance in the unearned income of such individual.... 42 U.S.C. § 1382a(a)(2)(A).

Therefore, following this reasoning, the Council determined the in-kind support provided to Allen by his mother was unearned income and his retroactive SSI payments were reduced for the months he received this support.

The ALJ made the following findings:

1. Claimant was provided in-kind room and board by his mother for the period from July 1988 to April 1989.

2. Claimant and his mother made an oral agreement that claimant would repay this room and board in an amount of $192.85 per month for the period from July 1988 through April 1989 once claimant received his past due supplemental security income benefits.

3. There was a realistic anticipation that claimant would repay the loan and claimant, indeed, intended to, repay this loan.

4. Claimant's receipt of an in-kind loan of room and board cannot be considered as income as provided in Section 416.-1103(f).

In making these findings, the ALJ reviewed *Hickman v. Bowen*, 803 F.2d 1377 (5th Cir.1986) and *Ruppert v. Secretary of Health and Human Services*, 671 F.Supp. 151 (E.D.N.Y.1987), and determined they were persuasive on the question of whether in-kind support and maintenance can be considered a loan.

In *Hickman*, the court noted that, while most loans are money loans, 20 C.F.R. § 1103(f) does not exclude any other types of loans. 803 F.2d at 1382. Further, the court reasoned that if buying on credit is treated as borrowing and is not income, why should a loan of in-kind support and maintenance be treated any differently. *Id.* "Certainly, if someone purchases food or shelter on credit, and it is excluded from income, borrowing or being advanced such necessities should be treated similarly. In either case, as with a loan, the borrower is liable and must repay the lender." *Id.* The court believed the express language of the statute went beyond limiting loans to situations in which only cash exchanged hands.

The *Ruppert* court concurred with the court in *Hickman* that neither the statutes nor the Secretary's own regulations provide justification for treating loans of in-kind support and maintenance different from cash loans. *Ruppert*, 671 F.Supp. at 168. The court provided further rationale for finding such support to be a loan:

> Poor SSI claimants do not live in a socio-economic vacuum, but rather generally reside in an environment consisting primarily of other poor people; relatives and friends who might be willing to supply loans to SSI recipients, therefore, will often have more accessible to them in-kind goods such as some extra foodstuffs or clothing or a small space for the recipient to live in than the disposable cash that the Secretary has been requiring be the basis for a *bona fide* loan. 671 F.Supp. at 168–69.

While this issue in *Ruppert* was not appealed and the Second Circuit declined to address it, the court cautioned the Secretary that this did not invite the agency to appeal a similar ruling in another case or seek to avoid the precedential effect of the district court's ruling. *Ruppert v. Bowen*, 871 F.2d 1172, 1178 (2nd Cir.1989).

Since the petition for review was filed in this case, the Ninth Circuit also has addressed the issue of in-kind support and whether it can constitute a loan. *See Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735 (9th Cir.1991). The court in *Ceguerra* joined the other two courts in finding that in-kind support and maintenance can be a loan under 20 C.F.R. § 1103(f). 933 F.2d at 741. The court specifically found that the Secretary applies too narrow an interpretation of the regulation. *Id.* at 742. It stated there was no reason to distinguish between a loan of cash that must be repaid and an obligation to repay a loan of support and maintenance. *Id.*

■ The above reasoning is persuasive and this court finds that in-kind support and maintenance may constitute a loan under 20 C.F.R. § 1103(f), contrary to the position of the Secretary. Therefore, this court reverses the Secretary on that portion of the Council's decision holding otherwise.

■ The court must now address whether the loan agreement between Allen and his mother was legally sufficient. Social Security Ruling 78–26 states that a loan is created if it is recognized as an enforceable contract under state law. Under Missouri law, an oral agreement is enforceable "where the circumstances and the acts and conduct of the parties support a reasonable inference of a mutual understanding and agreement that one party perform and that the other party compensate for such performance." *Follman Properties Co. v. Henty Const. Co.*, 664 S.W.2d 248, 250 (Mo.Ct.App.1983). The contract must be definite and certain enough as to the terms and requirements for the court to give meaning to the agreement and determine the "extent of the promisor's liability." *Computer Network v. Purcell Tire & Rub-*

*ber*, 747 S.W.2d 669, 676 (Mo.Ct.App.1988). If there is a basis for giving an appropriate remedy, the contract should not be held void for uncertainty. 747 S.W.2d at 676.

In the present case, the amount of reimbursement was not decided upon and there was no accounting of expenses paid by Allen's mother during the months of July 1988 through April 1989. The parties, however, did agree on an amount after the service had been provided and both parties believed it to be reasonable compensation for Allen's support and maintenance. The court finds it is able to give meaning to the agreement despite the price term being left open at the time of contract formation. There was testimony and evidence that Allen intended to pay for room and board after receiving his retroactive SSI payment and that his mother intended to be paid for providing the support. They were able subsequently to agree on the amount the service was worth. Therefore, the court finds that the agreement was legally sufficient and enforceable under Missouri law.

IT IS BY THE COURT THEREFORE ORDERED that the plaintiff Bryan Allen's motion to reverse the Secretary's decision (Doc. 6) is granted.

IT IS FURTHER ORDERED that the Secretary's motion to affirm its decision (Doc. 8) is denied.

IT IS FURTHER ORDERED that the retroactive SSI awarded by the ALJ is reinstated.