956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eugene MOORE, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-6110.
 United States Court of Appeals, Tenth Circuit.
 Feb. 18, 1992.
 
 Before LOGAN and BARRETT, Circuit Judges, and KELLY,* District Judge.
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff brought this action under 42 U.S.C. § 405(g) after the Secretary of Health and Human Services (Secretary) denied his application for Social Security disability benefits. Plaintiff's second application for disability benefits[1] alleged disability since November 24, 1982, due to asthma and two herniated discs in his back. The record discloses that plaintiff also has suffered from urticaria (a skin condition) and knee problems.
 
 
 3
 Plaintiff's second request for benefits was denied initially and on reconsideration. Appellant's Supp.App. at 120-22, 132-34. After a hearing, the administrative law judge (ALJ) denied plaintiff's application. Appellant's App. at 1-7. The Appeals Council remanded for consideration of the testimony of a vocational expert. Id. at 10-12. After a second hearing, the ALJ again denied plaintiff's application for disability benefits. Id. at 13-22. The Appeals Council denied review, id. at 24-25, and the district court affirmed the Secretary's decision, id. at 30-42. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 4
 We review the Secretary's decision "to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). The Secretary has established a five-step sequential evaluation process to determine if a claimant is disabled. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir.1988) (listing five steps); 20 C.F.R. § 404.1520. If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. Reyes v. Bowen, 845 F.2d at 243; 20 C.F.R. § 404.1520(a).
 
 
 5
 In this case, the ALJ determined that plaintiff was not eligible for disability benefits at steps four and five, even though a determination of nondisability at either step would have ended the inquiry. On the step four issue, the ALJ found that plaintiff "is able to perform his past relevant work as a teacher." Appellant's App. at 21 (finding No. 6). On the step five issue, after acknowledging that the burden of proof had shifted to the Secretary,[2] the ALJ determined that plaintiff has the residual functional capacity to perform light work, id. (finding No. 7), and that plaintiff's skills could be applied to meet the requirements of other work that existed in significant numbers in the national economy, id. at 21-22 (finding No. 10).
 
 
 6
 In the district court and on appeal, plaintiff asserts that: (1) the ALJ's decision was not supported by substantial evidence; (2) the ALJ did not follow the sequential evaluation process in evaluating plaintiff's claim; (3) the ALJ failed to give adequate reasons for denial of benefits; and (4) the ALJ failed to consider plaintiff's impairments in combination. See Appellant's Brief at 2.
 
 
 7
 We have carefully examined the record, including two lengthy and thorough decisions by the ALJ, and a detailed and comprehensive opinion by the district court, and we cannot add significantly to the district court's analysis. We agree with the district court that substantial evidence supports the Secretary's decision that plaintiff was not disabled within the meaning of the Social Security Act. We therefore affirm the district court's judgment for substantially the reasons set forth in its Memorandum Opinion dated February 4, 1991.
 
 
 8
 The judgment of the United States District court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Patrick F. Kelly, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 A previous denial of benefits was not appealed to the district court. See Appellant's Brief at 3 n. 1
 
 
 [2]
 See Channel v. Heckler, 747 F.2d 577, 579 (10th Cir.1984) (burden of proof is on claimant through step four, then shifts to Secretary)