956 F.2d 277
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Wanda C. BERRYMAN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-5087.
 United States Court of Appeals, Tenth Circuit.
 March 4, 1992.
 
 Before LOGAN and BARRETT, Circuit Judges, and KELLY,* District Judge.
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Wanda C. Berryman brought this action under 42 U.S.C. § 405(g) after the Secretary of Health and Human Services (Secretary) denied her fourth application for Social Security disability benefits.[1] The district court determined that the administrative decision was supported by substantial evidence and dismissed the action. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Plaintiff, a fifty year old woman with a high school education, asserts that she has been disabled since October 30, 1984, due to headaches, pain and weakness in her arms, hands, shoulders and back, shortness of breath, and nervousness. A hearing was held before an administrative law judge (ALJ) at which plaintiff and her husband testified. At the hearing, plaintiff submitted a letter dated January 26, 1989, from her treating physician, Dr. Terry Rapp. The ALJ also received in evidence documents and reports of other physicians who had treated plaintiff for various conditions, dating back to 1980. See II R. 26. After the hearing, the ALJ determined that because plaintiff did not have an impairment or combination of impairments qualifying as "severe," she was not disabled.
 
 
 4
 The Secretary has established a five-step sequential evaluation process to determine if a claimant is disabled. See 20 C.F.R. § 404.1520.
 
 
 5
 Briefly, the five steps are as follows: (1) A person who is working is not disabled. (2) A person who does not have an impairment or combination of impairments severe enough to limit the ability to do basic work activities is not disabled. (3) A person whose impairment meets or equals one of the impairments listed in the regulations is conclusively presumed to be disabled. (4) A person who is able to perform work she has done in the past is not disabled. (5) A person whose impairment precludes performance of past work is disabled unless the Secretary demonstrates that the person can perform other work.
 
 
 6
 Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir.1988) (citations omitted). If at any point it can be determined that plaintiff is or is not disabled, the evaluation process ends. Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir.1989). The burden of proof is on the claimant through step four; then it shifts to the Secretary. Id. at 710 (citing Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989)).
 
 
 7
 The step two severity determination is based on medical factors alone, and does not include consideration of vocational factors such as age, education, and work experience. Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988). "[T]he claimant must make a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities...." Id. at 751; accord Bowen v. Yuckert, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(b). Unless the claimant makes a de minimis showing of medical severity, the evaluation process ends and the claimant is determined not disabled. See Williams v. Bowen, 844 F.2d at 751.
 
 
 8
 In the instant case, the ALJ ended the disability inquiry at step two by finding that plaintiff's impairment or combination of impairments was not "severe." II R. 14. See 20 C.F.R. § 404.1520(c).
 
 
 9
 "We must determine whether the Secretary's decision of nondisability ... is supported by substantial evidence, i.e., 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Williams v. Bowen, 844 F.2d at 750 (quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir.1983)). In reviewing the Secretary's decision, we cannot weigh the evidence or substitute our discretion for that of the Secretary, but we have the duty to carefully consider the entire record and make our determination on the record as a whole. Dollar v. Bowen, 821 F.2d 530, 532 (10th Cir.1987).
 
 
 10
 On appeal, plaintiff argues that the ALJ rejected her treating physician's opinion without an adequate reason, failed to consider the cumulative effect of plaintiff's impairments, and improperly equated plaintiff's ability to do household chores with an ability to work at paid employment. Even though the required showing for step two of the Secretary's evaluation process is de minimis, plaintiff has failed to meet that showing.
 
 
 11
 Plaintiff asserts that the ALJ was not free to reject the opinion of her treating physician. Dr. Rapp's January 26, 1989, letter stated that he did not think plaintiff was capable of working because of the extent of her pain. II R. 338. The ALJ rejected the doctor's opinion because the diagnosis of " 'probable fibrositis-type syndrome' " was not supported by laboratory findings, but "appear[ed] to be based solely on the claimant's complaints of pain." Id. at 13 (quoting Dr. Rapp's January 26, 1989, letter). The ALJ also noted that "[t]here [was] no evidence that the doctors have placed any physical restrictions on the claimant's activities." Id. at 12.
 
 
 12
 The general rule is that the Secretary must give substantial weight to the testimony of the claimant's treating physician, unless good cause is shown to the contrary. Turner v. Heckler, 754 F.2d 326, 329 (10th Cir.1985); accord Reyes v. Bowen, 845 F.2d at 244-45. A treating physician's opinion may be rejected, however, "if it is brief, conclusory, and unsupported by medical evidence." Frey v. Bowen, 816 F.2d 508, 513 (10th Cir.1987).
 
 
 13
 The ALJ rejected Dr. Rapp's diagnosis of fibrositis in part because there were no laboratory tests to support it. Plaintiff argues this was error because there is no specific laboratory test available to diagnose fibrositis. Steven A. Schroeder, et al., Current Medical Diagnosis & Treatment 578 (1990), Attach. to Appellant's Brief. Fibrositis involves a "diagnosis of exclusion," id., and yet Dr. Rapp apparently performed no objective tests to rule out diagnoses other than fibrositis. Cf. Preston v. Secretary of Health & Human Servs., 854 F.2d 815, 816-19 (6th Cir.1988) (tests excluding diagnoses other than fibrositis included X-rays, CT scans, myelogram, and residual functional capacity assessment).
 
 
 14
 Dr. Rapp's January 26, 1989, letter also states that plaintiff suffers from tension headaches, degenerative joint disease, and osteoarthritis, but again, no objective tests were performed to confirm or rule out any of those conditions. Plaintiff does not allege objective medical evidence to support her claims of pain and disability. Furthermore, although Dr. Rapp opined that plaintiff was disabled, he did not say that she was permanently disabled or that she had been, or would be, disabled for twelve months or longer. "To qualify for disability benefits, the claimant must establish a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). The ALJ had the requisite cause to reject plaintiff's treating physician's opinion that she was disabled.
 
 
 15
 Plaintiff's next argument, that the ALJ failed to assess the combination of her impairments, is not supported by the record. The ALJ specifically considered plaintiff's individual nonsevere impairments, including her allegations of pain, and concluded that "the cumulative effect of all the impairments would not constitute 'a severe impairment' under the Act." II R. 13. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1523.
 
 
 16
 Finally, plaintiff maintains the ALJ determined that, because plaintiff was able to perform household tasks, she was able to work at regular paid employment. In fact, the ALJ considered plaintiff's daily household activities only to evaluate her allegations of pain, and concluded that those activities supported a finding that her complaints of disabling pain were not credible. II R. 13. The ALJ's determination of credibility is afforded special deference. Williams v. Bowen, 844 F.2d at 755. The ALJ's decision to discount plaintiff's claims of pain was supported by substantial evidence, particularly because of the lack of objective corroborative evidence. See Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir.1990).
 
 
 17
 We conclude that the record contains substantial evidence to support the ALJ's determination that plaintiff failed to meet her burden of proving that her disability was severe. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Patrick F. Kelly, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 None of the previous three denials was appealed to the district court