978 F.2d 1267
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joan MANNING, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-5177.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Joan Manning appeals a district court's order affirming a final decision of the Secretary of Health and Human Services denying her application for child's disability benefits. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Ms. Manning applied for child's disability benefits on April 3, 1986. The State Agency and the Social Security Administration ("SSA") denied her application initially and on reconsideration. An administrative law judge ("ALJ") heard the case de novo and also denied Ms. Manning's application. After reviewing the ALJ's decision, the Appeals Council informed Ms. Manning that she had engaged in substantial gainful activity in 1981 and 1982, and that she thereafter did not timely file her application. Ms. Manning sought judicial review in the District Court for the Northern District of Oklahoma. The district court referred the matter to a magistrate judge who recommended that the court reverse the Secretary's decision because the evidence on the record did not demonstrate that Ms. Manning was capable of performing substantial gainful activity. Specifically, the magistrate determined that Ms. Manning's work experiences in 1981 and 1982 were not significant because of her inability to retain those jobs. The district court, however, reversed the magistrate's recommendation and affirmed the Secretary's decision. This appeal followed.
 
 
 4
 On appeal, Ms. Manning contends first that the district court erred in affirming the Secretary's decision because the Secretary misapplied the law governing the timely filing of applications for child's disability benefits. She argues that the Secretary should have inquired into her capacity to engage in substantial gainful activity. We disagree.
 
 
 5
 A person claiming child's disability benefits must apply for those benefits within twelve months of the time that her disability ends. See 20 C.F.R. § 404.320. The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity...." 42 U.S.C. § 423(d)(1). The Secretary's regulations promulgated under the Act set forth a five-step process for evaluating whether a person is disabled. See Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir.1988) (citing 20 C.F.R. § 416.920). If at any point in this process the Secretary finds that the person is not disabled, the evaluation ends. Id. (citing 20 C.F.R. § 416.920(a)). At the first step, the Secretary will find that a person is not disabled if she is actually engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). Thus, if the Secretary finds that the claimant is actually engaged in substantial gainful activity, any inquiry into her capacity to engage in substantial gainful activity is irrelevant. See Reyes, 845 F.2d at 243. A person who actually engages in substantially gainful activity is not disabled.
 
 
 6
 When determining whether a person has engaged in substantial gainful activity, the Secretary follows guidelines set out at 20 C.F.R. § 404.1574. Those guidelines provide that, for the years 1980 through 1989, earnings that average more than $300 per month demonstrate that a claimant has engaged in substantial gainful activity. 20 C.F.R. § 404.1574(b)(2)(vi). Although the guidelines are general, this circuit has held that "[a] determination that [a claimant] is engaged in substantial gainful activity may be made solely on the basis of [the claimant's] earnings compared with the standards set forth in this regulation." Fowler v. Bowen, 876 F.2d 1451, 1454 n. 3 (10th Cir.1989) (citing Hedge v. Richardson, 458 F.2d 1065, 1067-68 (10th Cir.1972)).[1]
 
 
 7
 We conclude that the Secretary correctly applied the law. After finding that Ms. Manning had earned more than $300 per month during an eleven-month period beginning in February 1981, the Secretary concluded that Ms. Manning was not disabled during this period, and that any disability she might have had prior to this period ended in February 1981. Because Ms. Manning did not apply for benefits until more than five years after that date, the Secretary decided that she did not timely file her application.
 
 
 8
 Ms. Manning contends next that the district court erred in affirming the Secretary's decision because there was not substantial evidence that Ms. Manning's disability ended in February 1981. We review factual findings by the Secretary to determine if they are supported by substantial evidence. See 42 U.S.C. § 405(g). Substantial evidence requires " 'more than a scintilla, but less than a preponderance,' and is satisfied by such relevant 'evidence that a reasonable mind might accept to support the conclusion.' " Gosset v. Bowen, 862 F.2d 802, 804 (10th Cir.1988) (citing Campbell v. Bowen, 832 F.2d 1518, 1521 (10th Cir.1987)).
 
 
 9
 We conclude that the district court correctly held that the Secretary's decision was supported by substantial evidence. The only necessary factual finding of the Secretary--that Ms. Manning had earned more than $300 per month on average during an eleven-month period in 1981--was well supported by the evidence on the record. According to the SSA's record of her earnings, Ms. Manning earned $4013.15 in 1981. Even if those earnings were spread out over all twelve months of 1981, her average monthly income was $334.43 for that year.
 
 
 10
 Ms. Manning does not directly address the SSA's record of her earnings on appeal. Rather, she directs us to the vocational report prepared by her father which states that she worked for only three months in 1981, two days per week, at minimum wage. This evidence does not convince us that the Secretary's reliance on the SSA record was improper. We therefore conclude that the Secretary's decision was supported by substantial evidence.
 
 
 11
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We specifically reject the magistrate's determination that Ms. Manning's two jobs in 1981 and 1982 were "insignificant" for purposes of the earnings test. Although the regulations generally exclude earnings from short-lived, unsuccessful work attempts, see 20 C.F.R. § 404.1574(a)(1), Ms. Manning's nine-month and eleven-month jobs were successful in that regard. Compare Wright v. Sullivan, 900 F.2d 675, 681 (3d Cir.1990) (two and one-half years of part-time employment were successful for purposes of earnings test) with Coulter v. Weinberger, 527 F.2d 224, 229 (3d Cir.1975) (thirteen jobs in ten years, eleven of which ended within six months, precluded rigid application of earnings test)