UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 12/18/95**

DAVID QUEEN,                                      )
                                                 )
     Plaintiff-Appellant,                     )
                                                 )       No. 95-5123
v.                                               ) (D.C. No. 93-C-980-B)
                                                 )   (N. Dist. Okla.)
SHIRLEY S. CHATER, Commissioner,                 )
Social Security Administration,                  )
                                                 )
     Defendant-Appellee.                      )

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **McKAY** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. David Queen appeals from the decision of the district court affirming the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

Secretary's[1] determination that he could perform a significant number of jobs in the local economy and is therefore not disabled within the meaning of the Social Security Act.

First, Mr. Queen argues that the Secretary's determination is not supported by substantial evidence because much of the testimony of the vocational expert conflicts with the descriptions in the Dictionary of Occupational Titles (DOT) . The Secretary has established a five-step process for evaluating a disability claim. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988). Once Mr. Queen established that he could not return to his past relevant work, the burden shifted to the Secretary to show that he retained the ability to perform other jobs that exist in the national economy. Id. An ALJ's determination must be supported by substantial evidence. Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992).

"The regulations provide that the Secretary will take notice of the Dictionary of Occupational Titles, published by the Department of Labor, in determining the appropriate category of a job." Campbell v. Bowen, 822 F.2d 1518, 1523 n.3 (10th Cir. 1987) (citing 20 C.F.R. § 404.1566(d)(1)); see also Smith v. Shalala, 46 F.3d 45, 47 (8th Cir. 1995) ("[W]hen expert testimony conflicts with the DOT, the DOT controls."); Tom

_____

[1]Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

v. Heckler, 779 F.2d 1250, 1255 (7th Cir. 1985). Two of the six jobs listed by the ALJ as requiring light exertion or being sedentary in nature are classified by the DOT as requiring medium exertion. See DOT § 381.687-018, 382.664-010, 915.467-010. While the apparent conflict between the vocational expert and the DOT raises concern, we are nevertheless persuaded that substantial evidence supports the conclusion that Mr. Queen is able to perform the other four jobs listed by the ALJ. The vocational expert testified that there were 9,610 such jobs in the Oklahoma economy and 729,000 such jobs in the United States economy. See Trimiar, 966 F.2d at 1330 ("This Circuit has never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number' and rejects the opportunity to do so here.").

Mr. Queen also contends the Secretary's determination that he retained the capacity to perform the nonexertional demands of light work is not supported by substantial evidence. We agree substantially with the district court's analysis of this argument.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-3-