**John C. VELASQUEZ, Plaintiff,**

v.

**Kenneth S. APFEL,[1] Commissioner of Social Security, Defendant.**

**No. Civ.A. 95–K–2383.**

United States District Court, D. Colorado.

Dec. 15, 1998.

**1.** Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103–296, 108 Stat. 1464 (1994), the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security effective March 31, 1995. In accordance with § 106(d) of that law, Kenneth S. Apfel, Commissioner of Social Security, is substituted for Shirley S. Chater as Defendant in this action. Accordingly, the Defendant in this case should now be reflected as "KENNETH S. APFEL, Commissioner of Social Security."

Frederick w. Newall, Colorado Springs, CO, for Plaintiff.

Stephen D. Taylor, Assistant U.S. Attorney, Denver, CO, for Defendant.

## MEMORANDUM DECISION ON APPEAL

KANE, Senior District Judge.

John C. Velasquez appeals the final decision of the Commissioner of Social Security rejecting his application for social security disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433. Jurisdiction exists under 42 U.S.C. § 405(g).

### I. *Standard of Review.*

I examine the record and evaluate whether the Commissioner's factual findings are supported by substantial evidence in the record viewed as a whole and whether the Commissioner applied the correct legal standards. *See Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). "If supported by substantial evidence, the [Commissioner's] findings are conclusive and must be affirmed." *Sisco v. United States Dep't of Health & Human Servs.*, 10 F.3d 739, 741 (10th Cir.1993). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quotation omitted). In considering whether the Commissioner's decision is supported by substantial evidence, I may neither reweigh the evidence nor substitute my discretion for that of the Commissioner. *See Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir.1992).

### II. *Merits of Appeal.*

The ALJ concluded Velasquez had the residual functional capacity to perform at least sedentary work, "lifting no more than 10 pounds occasionally, allow[ing] for a sit-stand option, and occasional overhead reaching, bending, squatting, and twisting," (R. at 45, Finding No. 5), precluding him from performing his past relevant work. Based on the testimony of a vocational expert, Christopher Vigil, the ALJ found the Commissioner had discharged his burden of showing that other jobs existed in significant numbers in the national economy that Velasquez could perform. Accordingly, the ALJ found Velasquez was not disabled.

Velasquez argues the ALJ's hypothetical to the vocational expert did not precisely set forth his restrictions in that it overlooked Dr. Branson's restriction on bending and stooping to never/rarely in September 1994 (R. at 213); Dr. McMillan's having put Velasquez on a no bending restriction in December 1993 (R. at 265); notations as early as December 1996 that since being injured three years previously Velasquez was "unable to do any significant work involving any bending or much movement of the back because of the pain" (R. at 169); Dr. Charles H. Ripp's July 1994 diagnosis of "chronic, intractable mechanical low back pain, with internal disc derangement," (R. at 239, 242–43), and his findings in September 1994, following a positive infrared imaging, "consistent with a sympathetic maintained pain syndrome, multi level radiculitis or referred myoneural irritation from lower back pain," (R. at 35–36).

In a September 9, 1994 Social Security Physical Evaluation Form, Velasquez' treating physician, Dean H. Branson, Jr. D.O., stated that Velasquez suffered from chronic pain syndrome, resulting in permanent restrictions, including not being able to walk, stand or sit routinely; not being able to lift any weight frequently and never more than 25 pounds; and never/rarely being able to bend and stoop, climb stairs, work with hands and arms extended or unsupported, climb or balance, kneel, crawl or crouch. Dr. Branson opined Velasquez would not be able to return to his present job lifting 100 pound

sacks of potatoes and that his pain might affect his ability to work.

The ALJ told counsel for Velasquez at the hearing: "Dr. Branson's physical capacities are much more restricted than the assumptions I've asked Mr. Vigil to assume, and he's already concluded, given two restrictions, in and of themselves, that your client is not employable, so I don't see what more restrictive restrictions are going to do, other than confirm the fact that he can't work." (R. at 361–62.) In his decision, however, the ALJ rejected the contention that the September 1994 form as completed by Dr. Branson was dispositive of Velasquez' residual functional capacity, stating:

> Despite a history of back complaints, claimant has continued to work performing heavy labor. I also note that claimant's treating physician is absolutely clear in claimant's chart records that claimant was capable of returning to light duty work [in March 1994]. I also find it noteworthy that Dr. Branson implies lack of motivation to return to work and included claimant's statements that he was getting a lawyer, going to apply for disability and "that if he goes back to work and suffers exacerbation that 'the physicians are going to have to pay.'"

(R. at 43) (citations to exhibits omitted).

■ As Velasquez' treating physician, Dr. Branson had followed his treatment for many years. As such he was in a superior position to evaluate Velasquez' restrictions and should have been afforded special weight. *See Campbell v. Bowen*, 822 F.2d 1518, 1523, n. 5 (10th Cir.1987). The ALJ's duty to resolve conflicts in the record allows his rejection of a physician's opinion only by giving specific, legitimate, reasons for doing so. *See Reyes v. Bowen*, 845 F.2d 242, 245 (10th Cir.1988). Rejecting Dr. Branson's permanent restrictions because of their apparent conflict with his March 1994 diagnosis and earlier impressions of pain magnification unsupported by objective medical evidence does not constitute such reason. It fails to take into account the later objective medical evidence contained in Dr. Ripp's reports and the consistent August 1994 reports of Dr. Branson to Central States Health & Life Co. of Omaha stating that Velasquez was totally disabled due to chronic pain, (Tr. 19, 20). The ALJ's reasons for rejecting the treating physician's restrictions once the medical evidence had been developed were unsupported by specific legitimate reasons.

■ Moreover, the ALJ's hypothetical failed to include any reference to pain, despite repeated references in the record to chronic pain (R. at 49, 135, 136, 154, 155, 190, 344, 349) and despite the ALJ's finding that "the claimant undoubtedly suffers from some pain and discomfort," (R. at 42). The ALJ found Velasquez' testimony as to pain and limitations to be exaggerated and that earlier medical records reported symptom magnification. Yet, Dr. Branson diagnosed chronic pain syndrome in January 1994, (R. at 28), June 1994 (R. at 27) and September 1994 (R. at 213) as did Dr. Ripp in July, 1994, (R. at 239, 242–43). The infrared imaging report and facet injection results (R. at 35–36), first presented to the Appeals Council, is further objective evidence of a pain producing impairment.

The ALJ's acknowledgment that Velasquez suffered from some pain and discomfort coupled with repeated diagnoses of chronic pain syndrome, required that pain be included in the hypothetical to the vocational expert. *See Talbot v. Heckler*, 814 F.2d 1456, 1465 n. 6 (10th Cir.1987) (pain must be included in the hypothetical if it hinders the ability to perform the full range of work). "[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision." *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir.1991) (further quotation omitted).

For the aforesaid reasons, I conclude the ALJ's decision that Velasquez retained the ability to perform the jobs of telephone operator and some security guard and assembly jobs is not sufficiently supported by the record. I remand the case to the ALJ for a new hearing and further evaluation consistent with this opinion.

**REVERSED AND REMANDED**