977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Brenda LEWIS, Plaintiff-Appellant,
v.
Louis SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 91-7098.
 United States Court of Appeals, Tenth Circuit.
 Oct. 16, 1992.
 
 1
 Before McKAY, Chief Judge, and BARRETT, Circuit Judge, and BRIMMER,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 CLARENCE A. BRIMMER, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Claimant Brenda Lewis appeals the denial of her application for supplemental security income benefits. The application was denied initially and on reconsideration. After a hearing, the administrative law judge denied Claimant's application, and the Appeals Council denied review. The district court approved the magistrate judge's recommendation to deny the application for benefits. The Notice of Appeal was filed timely. The Appeals Council's decision is the Secretary's final decision for appeal purposes. Williams v. Bowen, 844 F.2d 748, 749 (10th Cir.1988). We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 6
 We review the Secretary's decision "to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). "We must determine whether the Secretary's decision of nondisability ... is supported by substantial evidence, i.e., 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Williams, 844 F.2d at 750 (quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir.1983) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971))). In reviewing the Secretary's decision, we cannot weigh the evidence or substitute our discretion for that of the Secretary, but we have the duty to carefully consider the entire record and make our determination on the record as a whole. Dollar v. Bowen, 821 F.2d 530, 532 (10th Cir.1987).
 
 
 7
 The Secretary has established a five-step sequential evaluation process to determine if a claimant is disabled. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir.1988) (listing five steps); 20 C.F.R. § 416.920. If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir.1989). The burden of proof is on the claimant through step four; then it shifts to the Secretary. See id. (citing Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989)).
 
 
 8
 Claimant, a forty-eight year old woman with a tenth grade education, claims disability due to achondroplastic dwarfism, back pain, and a personality disorder. She has no relevant work history. The medical evidence includes reports and treatment notes from Claimant's treating physician, a report requested by the Secretary from a consulting psychiatrist, and a report from a psychologist engaged by Claimant. The ALJ considered the Medical-Vocational Guidelines, "the Grids," 20 C.F.R. Part 404, Subpt. P, App. 2, and the testimony of a vocational expert, and determined that Claimant retained the residual functional capacity for light and sedentary work.[1] Based on the vocational expert's evidence, the ALJ concluded that there were a significant number of jobs in the national economy Claimant could perform.
 
 
 9
 Claimant asserts the Secretary (1) improperly rejected the medical findings; (2) improperly evaluated her complaints of pain; (3) improperly assessed her residual functional capacity; (4) failed to consider fully her nonexertional impairments; (5) improperly applied the "Grids;" and (6) misapplied the vocational expert's testimony.
 
 
 10
 Claimant asserts the Secretary was not authorized to disregard the opinion of Gary Fine, D.O., Claimant's treating physician, that she is severely disabled. R.Vol. II at 171. The Secretary is required to give substantial weight to the treating physician's evidence and opinion, unless good cause is shown for rejecting it. Sorenson, 888 F.2d at 711. Specific, legitimate reasons for disregarding the opinion of the claimant's physician must be set forth. Kemp v. Bowen, 816 F.2d 1469, 1476 (10th Cir.1987). In addition, our examination of the medical evidence must include "whether and to what extent the opinion discusses 'how particular medical impairments produce reductions in physical exertion, and how such reductions in exertion affect the ability to work.' " Sorenson, 888 F.2d at 711 (quoting Garrison v. Heckler, 765 F.2d 710, 713 (7th Cir.1985).
 
 
 11
 In this case, Dr. Fine opined in September of 1988 that Claimant's small stature and low back pain would, "in all probability," make her unable to work at most jobs. R.Vol. II at 167. He did not, however, explain how Claimant's impairments affected her ability to work.
 
 
 12
 The Secretary found that Dr. Fine's May 24, 1989, determination of Claimant's ability to sit, stand, and walk belied his conclusion that she was severely disabled. See R.Vol. II at 171. Dr. Fine stated on January 19, 1984, that Claimant was in good condition and had no condition that would impair her ability to care for children, see R.Vol. II at 154, an opinion inconsistent with Dr. Fine's May 24, 1989, opinion that Claimant could never lift eleven or more pounds, particularly where Dr. Fine reported no objective findings to explain Claimant's inability to life. See Frey v. Bowen, 816 F.2d 508, 513 (10th Cir.1987) (a treating physician's opinion may be rejected if it is "brief, conclusory, and unsupported by medical evidence").
 
 
 13
 The Secretary expressed specific and legitimate reasons for rejecting Dr. Fine's conclusion of disability. Our examination of the record satisfies us that those reasons are not in error. See, e.g., Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir.1992).
 
 
 14
 Claimant also maintains the Secretary did not evaluate correctly her complaints of pain because the Secretary applied the incorrect legal standard in evaluating her credibility. "To determine whether a claimant's pain is disabling, 'the Secretary is entitled to examine the medical record and evaluate a claimant's credibility.' " Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir.1990) (quoting Brown v. Bowen, 801 F.2d 361, 363 (10th Cir.1986)). "[D]eference to the fact-finder's assessment of credibility is the general rule." See Frey, 816 F.2d at 517. Claimant has not provided authority for her position that clear and convincing evidence is required for the Secretary to determine Claimant was not credible. Rather, "Claimant wants us to reweigh the evidence; this we cannot do." Hamilton, 961 F.2d at 1498. We have carefully reviewed the record, and we cannot say the Secretary's evaluation of Claimant's pain and credibility is not supported by substantial evidence.
 
 
 15
 Claimant also contends the Secretary improperly assessed her residual functional capacity and failed to consider fully her nonexertional impairments of mental impairments; inability to work "at unprotected heights or near moving machinery[;] and moderate restriction from exposure to extremes in temperature and humidity, operating motor vehicles or exposure to respiratory irritants." Appellant's Br. at 25. The ALJ was not obliged to consider the environmental restrictions because the jobs recommended for Claimant by the vocational expert did not involve environmental hazards. See R.Vol. II at 51. As for the claimed mental impairments, our review of the record discloses substantial evidence to support the Secretary's findings.
 
 
 16
 Claimant's argument that the Secretary improperly applied the Grids is also not supported by the record. The Secretary used the Grids only as a "framework for decision-making." ALJ's Decision at 10. The Secretary also considered the evidence adduced from the vocational expert in concluding that there exist significant numbers of jobs available to Claimant. As for Claimant's argument that a proper weighing of the vocational expert's testimony would alter the outcome, we may not comply with Claimant's request that we reweigh the testimony. See Hamilton, 961 F.2d at 1498. We cannot say the Secretary's reliance on the vocational expert's testimony is not supported by substantial evidence.
 
 
 17
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 20 C.F.R. § 416.967(a) defines sedentary work; § 416.967(b) defines light work