69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donna SWALLOW, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 94-7165.
(D.C.No. CV-93-75).
 United States Court of Appeals, Tenth Circuit.
 Oct. 27, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[2]
 JAMES K. LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this review of denial of plaintiff Donna Swallow's claim for social security disability benefits, the only issue is whether the determination by the Administrative Law Judge (ALJ) that she is not disabled was supported by substantial evidence.
 
 
 3
 Plaintiff first applied for social security disability benefits in December 1989, alleging that she had been disabled since January 17, 1989, due to back injury and back pain. Her application was denied in February 1990. In August 1991, she made a second application for benefits, alleging disability from January 16, 1989. The ALJ determined that new and material evidence not considered on her initial application provided good cause to reopen her December 1989 application. After a hearing, the ALJ determined that plaintiff was not eligible for disability benefits, and the Appeals Council denied review. The district court affirmed the Secretary's decision on the basis of the magistrate judge's recommendation.
 
 
 4
 We review the Secretary's decision "to determine whether the findings are supported by substantial evidence and whether the Secretary applied the correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Baca v. Department of Health and Human Servs., 5 F.3d 476, 478 (10th Cir.1993) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In reviewing the Secretary's decision, we cannot weigh the evidence or substitute our discretion for that of the Secretary, but we have the duty to carefully consider the entire record and make our determination on the record as a whole. Dollar v. Bowen, 821 F.2d 530, 532 (10th Cir.1987).
 
 
 5
 The Secretary has established a five-step sequential evaluation process to determine if a claimant is disabled. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir.1988) (listing five steps); 20 C.F.R. 404.1520. If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. Reyes, 845 F.2d at 243; 20 C.F.R 404.1520(a).
 
 
 6
 The ALJ in a lengthy and detailed decision reviewed all of the medical evidence and exhibits as well as plaintiff's and plaintiff's husband's testimony. The ALJ then found that:
 
 
 7
 1. The claimant met the disability insured status requirements of the Act on January 16, 1989, the date the claimant stated she became unable to work, and continued to meet them through December 31, 1989.
 
 
 8
 2. The claimant has not engaged in substantial gainful activity since January 16, 1989.
 
 
 9
 3. The medical evidence establishes that the claimant has severe degenerative lumbar disk disease, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.
 
 
 10
 4. The claimant's allegations of inability to work, to include pain, are not credible or supported by the medical documents in evidence.
 
 
 11
 5. The claimant has the residual functional capacity to perform work related activities except for the inability to lift over 10 pounds at a time and to sit over 6 hours and stand/walk over 2 hours in an 8-hour day (20 CFR 404.1545).
 
 
 12
 6. The claimant's past relevant work as bookkeeper did not require the performance of work-related activities precluded by the above limitations as that job is generally required by employers throughout the economy (20 CFR 404.1565).
 
 
 13
 7. The claimant's impairment does not prevent the claimant from performing her past relevant work as that work is generally required by employers throughout the economy.
 
 
 14
 8. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR 404.1520(e)).
 
 
 15
 Appellant's App. 86-87. Plaintiff asserts that the ALJ's decision was not supported by substantial evidence.
 
 
 16
 Our review of the record indicates that the ALJ misconstrued two pieces of relevant evidence. First, the ALJ stated that
 
 
 17
 [m]edical documents in evidence do not support the claimant's allegations of a degree of pain which precludes her from significant work-like activity. Further, he finds the claimant's own activities belie her allegations. Exhibit 17 contains a hospital report regarding the claimant's treatment there in May 1991. On page two of that exhibit, it is reported that the claimant was admitted to this facility with increased pain in her back as a result of having been moving a bed. Although this event is outside the relevant period of consideration, the Administrative Law Judge finds such activity does throw light on the claimant's condition during the relevant period and raises questions about her.
 
 
 18
 Appellant's App. 85 (emphasis added). As plaintiff points out on appeal, other exhibits indicate that plaintiff was actually making a bed before her admission to the hospital. See Appellant's App. 25, 211; see also id. at 35, 48 (deposition of R.C. Robertson, M.D.).
 
 
 19
 In addition, the ALJ stated that "significant is the fact that between July 1989 and September 1990, the claimant, according to documents in evidence, had contact with no physician." Id. at 84; see also id. at 83. The record, however, indicates that she saw Anthony C. Billings, M.D., at least three times during that period and received numerous refills for prescriptions during August 1989 through January 1990. See id. at 183-84. The ALJ concluded that
 
 
 20
 the claimant's subjective complaints of pain are not of such intensity, frequency, and duration as to affect her concentration or prevent the performance of work activity at a full range of sedentary work. To the extent that the claimant's testimony tends to show otherwise, such testimony, in light of all other evidence, including the medical exhibits, is deemed not sufficiently credible to support a finding of disability under current criteria.
 
 
 21
 Id. at 85-86. Although the ALJ evaluated plaintiff's subjective complaints of pain in accordance with Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir.1987), we are concerned because the pain analysis relies heavily on a credibility determination which may have been based in part upon misinformation.
 
 
 22
 The magistrate's findings and recommendations and district court order did not address the discrepancies between the ALJ's findings and the record. Although a reviewing court generally must defer to the ALJ's findings regarding the credibility of witnesses, see Hamilton v. Secretary of Health and Human Servs., 961 F.2d 1495, 1499 (10th Cir.1992), we will not affirm here because the credibility determination is so crucial to the analysis. Similarly, the ALJ's finding that plaintiff failed to show that she could no longer perform the full range of sedentary work activity is reliant upon an assessment of plaintiff's credibility. The evidence that plaintiff provided included her own statements (and her husband's) that she could not perform many daily household chores. When, as here, a credibility determination may be based upon erroneous factual findings we cannot affirm.
 
 
 23
 We therefore REVERSE and REMAND for further findings by the ALJ, who is to reconsider his determination in light of the errors we have noted.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470