Karen **ROBERTS**, Plaintiff–Appellant,

v.

Jo Anne B. **BARNHART**,* Commissioner of Social Security Administration, Defendant–Appellee.

No. 01–7147.

United States Court of Appeals,
Tenth Circuit.

June 12, 2002.

---

* On November 9, 2001, Jo Anne B. Barnhart became the Commissioner of Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Ms. Barnhart is substituted for Larry G. Massanari as the appellee in this action

Before HENRY, Circuit Judge, BRORBY, Senior Circuit Judge, and BRISCOE, Circuit Judge.

ORDER AND JUDGMENT **

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir.

R. 34.1(G). The case is therefore ordered submitted without oral argument.

Claimant Karen Roberts appeals from the denial of her claim for social security disability benefits. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We review the agency's decision on the whole record to determine only whether the factual findings are supported by substantial evidence and the correct legal standards were applied. *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289 (10th Cir.1995). We may not reweigh the evidence or substitute our judgment for that of the agency. *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir.1995). We reverse.

Claimant was born in 1949. She has a twelfth-grade education and has worked as a secretary and a registrar. She alleges that she became unable to work on June 24, 1997, due to bilateral carpal tunnel syndrome, a pinched nerve, degenerative cervical disc disease, and arthritis. The administrative law judge (ALJ) denied claimant's claim at step five of the five-part evaluation sequence. *See generally Williams v. Bowen*, 844 F.2d 748, 750–52 (10th Cir.1988). The ALJ found at step three that claimant did not have a listed impairment or combination of listed impairments. At step four, the ALJ determined that claimant was unable to perform her past relevant work. At step five, the ALJ decided that claimant had acquired work skills that would transfer to other work. The ALJ noted that Rules 202.21 and 202.22 of the medical-vocational guidelines (the "grids") would direct a conclusion of not disabled. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, table 2, Rules 202.21, 202.22. The ALJ used the grids only as a

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of

orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

framework for decision-making, however. In response to the ALJ's hypothetical questions, a vocational expert testified that claimant could perform the light job of motel night clerk and the sedentary jobs of telephone solicitor or telephone answerer. The ALJ concluded that claimant was not disabled.

On appeal, claimant contends that: (1) the ALJ failed to properly address her treating physicians' opinions; (2) the ALJ failed to properly consider her credibility; (3) the ALJ's assessment of her residual functional capacity (RFC) was not supported by substantial evidence; and (4) the finding that she can perform other work is not supported by substantial evidence.

■ The record supports claimant's claims of error. First, the ALJ improperly disregarded the opinions of her treating physicians that she was disabled, at least for a period of time. Claimant was seen by K. Craig Hart, M.D., her primary physician; Benjamin G. Benner, M.D., a neurologist; and David K. Wong, M.D., a hand specialist. Dr. Hart believed that claimant was disabled from all work from June 16, 1997, through November 19, 1998. Aplt's App., Vol. II at 195, 196, 214, 247. Dr. Benner arranged for her to be seen by Dr. Wong, who believed that claimant was disabled from all work from June 23, 1997, through August 19, 1998. *Id.* at 199, 202, 206, 208, 250, 251. The ALJ did not mention this evidence. In addition, the ALJ stated that surgery performed on claimant's left wrist resolved the left carpal tunnel syndrome, but did not mention that Dr. Wong never expected that carpal tunnel surgery would relieve all of her many symptoms and considered the result of the surgery so unsatisfactory with regard to her complaints that he recommended *against* performing a carpal tunnel release on claimant's right wrist and suggested

that she be seen by a neck specialist instead. *Id.* at 242, 245.

"[T]he [ALJ] must give substantial weight to the evidence and opinion of the claimant's treating physician, unless good cause is shown for rejecting it." *Reyes v. Bowen,* 845 F.2d 242, 244–45 (10th Cir. 1988). "[I]f it is rejected, the [ALJ] must give specific, legitimate reasons for his action." *Id.* at 245. The regulations provide a list of acceptable reasons to reject a doctor's opinion, such as the nature and length of the treating relationship, the doctor's medical specialty, et al. 20 C.F.R. § 404.1527(d)(1)-(6).

The ALJ was not bound by claimant's doctors' opinions on the ultimate issue of disability. 20 C.F.R. § 404.1527(e)(1). The ALJ was required, however, to give a specific, legitimate reason for rejecting their opinions. The ALJ's recitation of some of the other medical evidence does not cure this defect. *See Jozefowicz v. Heckler,* 811 F.2d 1352, 1358 (10th Cir. 1987).

■ The ALJ also erred in his determination that claimant's complaints of disabling pain were not credible. In part, the ALJ relied on his own opinion that she was not motivated to work because she was receiving disability benefits from her former employer. The ALJ also relied on her daily activities of reading, watching television, doing light housekeeping, tending her plants, et al., as evidence that she can perform light work.

" 'Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence.' " *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (quoting *Diaz v. Sec'y of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir.1990)). "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and

not just a conclusion in the guise of findings.' " *Id.* (quoting *Huston v. Bowen,* 838 F.2d 1125, 1133 (10th Cir.1988) (footnote omitted)).

The ALJ's finding that claimant is not motivated to work because she was receiving private disability benefits is based on his own speculation, not on substantial evidence. *See Winfrey v. Chater,* 92 F.3d 1017, 1021 (10th Cir.1996). Further, minimal daily activities are not substantial evidence that claimant can work. *Thompson v. Sullivan,* 987 F.2d 1482, 1490 (10th Cir. 1993). Therefore, the ALJ's credibility determination cannot stand.

The ALJ also failed to support with substantial evidence his finding that claimant had an RFC for light work that did not require lifting over fifteen pounds; repetitive pushing or pulling of arm or hand controls; repetitive or prolonged overhead reaching; constant repetitive gripping, twisting, or forceful turning with either hand; working in extreme cold; or exposure to vibration. The ALJ stated that claimant's doctors did not list any functional restrictions for her, ignoring that both Dr. Hart and Dr. Wong believed that she was disabled by carpal tunnel syndrome for over a year. If the ALJ believed that the information they provided was inadequate to make a finding about her restrictions, he should have recontacted them for clarification. *White v. Barnhart,* 287 F.3d 903, 908 (10th Cir.2001) (citing 20 C.F.R. § 416.912(e)).

■ Finally, the ALJ failed to support with substantial evidence his finding that claimant had transferable skills that would allow her to perform jobs such as motel night clerk, telephone solicitor, and telephone answerer. Based on the functional limitations the ALJ accepted as true, the vocational expert testified that claimant would be unable to perform any light or sedentary unskilled jobs. Aplt's App., Vol. II at 96–97.

"The Commissioner has defined a skill as:

> knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn). It is practical and familiar knowledge of the principles and processes of an art, science or trade, combined with the ability to apply them in practice in a proper and approved manner. This includes activities like making precise measurements, reading blueprints, and setting up and operating complex machinery."

*Dikeman v. Halter,* 245 F.3d 1182, 1184–85 (10th Cir.2001) (quoting Soc. Sec. R. 82–41, 1982 WL 31389, at \*2). "A skill cannot be acquired by performing an unskilled job, and a person who has acquired skills that are not transferable to other jobs 'has no special advantage.' " *Id.* at 1185 (quoting Soc. Sec. R. 82–41, 1982 WL 31389, at \*2). "When an ALJ makes a finding that a claimant has transferable skills, he must identify the specific skills actually acquired by the claimant and the specific occupations to which those skills are transferable." *Id.* "The ALJ's '[f]indings should be supported by appropriate documentation.' " *Id.* (quoting Soc. Sec. R. 82–41, 1982 WL 31389, at \*7.) " 'Neither an occupational title by itself nor a skeleton description [of a job] is sufficient' to document the claimant's acquisition of skills." *Id.* (quoting Soc. Sec. R. 82–41, 1982 WL 31389, at \*4). " 'Job titles, in themselves, are not determinative of skill level.' " *Id.* (quoting Soc. Sec. R. 82–41, 1982 WL 31389, at \*4).

The ALJ simply failed to follow these directives. He asked claimant very little about the duties of her past work and elicited very little from the vocational expert about the transferable skills she supposedly possesses. Aplt's App., Vol. II at 64–65, 89–90, 93–94. This does not suffice. *See Dikeman,* 245 F.3d at 1186.

The judgment of the district court is REVERSED and the case is REMANDED for further proceedings.