FILED
United States Court of Appeals
Tenth Circuit

April 5, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GREGORY LAMONT LONG,

    Defendant-Appellant.

No. 10-6174
(D.C. No. 5:06-CR-00121-HE-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL** and **GORSUCH**, Circuit Judges.

Gregory Lamont Long, a federal prisoner, filed a pro se Rule 36 motion to correct

the presentence investigation report (PSR) and judgment in his case. Essentially, Long

wanted the district court to change the drug amounts referenced in the PSR to conform to

oral misstatements made by the court at sentencing. The district court denied the motion,

holding that its passing misstatements at sentencing were not judicial determinations of

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. The
court generally disfavors the citation or orders and judgments; nevertheless, an order and
judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

fact and, therefore, there was no basis for correcting the PSR. Long timely appealed and also requested leave to proceed in forma pauperis (IFP). We grant IFP status. But because we conclude that this appeal is barred under the waiver Long executed as part of his plea agreement, we DISMISS this appeal.

## BACKGROUND

On August 11, 2006, Long pled guilty to one count of possessing with intent to distribute approximately 202 grams of crack cocaine, approximately 213 grams of powder cocaine, and a quantity of marijuana. Long entered that guilty plea pursuant to a plea agreement, which contained the following waiver of his appellate rights:

> [D]efendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:
>
> a. Appeal or collaterally challenge his guilty plea and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;
>
> b. Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in [the plea agreement].

(R., vol. I at 81.) The district court accepted the plea agreement and sentenced Long to a

term of imprisonment within the guideline range: 200 months.[1]

Long filed a direct appeal, but the Government moved to enforce the appellate waiver and dismiss his appeal. This Court concluded that the appeal fell within the scope of the waiver, that Long knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. United States v. Long, 218 F. App'x 808, 809 (10th Cir. 2007) (unpublished).

Over two years later, Long filed a Rule 36 motion in the district court to correct the PSR and the judgment in his case. Long based his motion primarily on the fact that the district court mistakenly referred to 10.5 grams as the additional drug amount as opposed to the 10.5 kilograms correctly noted in the PSR. The district court denied Long's motion, explaining as follows:

> Defendant's motion is based on comments by the court at sentencing as to the credit he should receive for having voluntarily disclosed certain drugs to law enforcement. The court's comments referred to "10.5 grams" rather than "10.5 kilograms," which was the actual amount referenced in the presentence report. Drug amounts were not an issue and any passing reference by the court to grams was, in this context, simply a misstatement by the court, not a judicial determination of any fact. Accordingly, there is no basis for "correcting" the presentence report, even if a procedural option for doing so is assumed to exist.

(R., vol. I at 131.) Long now appeals that order.[2]

---

[1] The district court later reduced that sentence to 168 months' imprisonment based on Amendment 706 to the federal sentencing guidelines, which retroactively reduced the offense levels for crack cocaine offenses.

[2] Long raises two additional issues on this appeal. He argues first that the probation officer incorrectly relied on the information Long volunteered to the arresting officers in

Continued . . .

**DISCUSSION**

This Court will enforce an appellate waiver within a plea agreement when (1) the disputed appeal falls within the scope of the waiver of the appellate rights, (2) the defendant knowingly and voluntarily waived his appellate rights, and (3) enforcing the waiver would not result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

The first prong of this analysis requires us to determine if this appeal falls within the scope of the waiver contained in Long's plea agreement. "In determining a waiver's scope, we will strictly construe appeal waivers and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights." Id. (internal quotation marks and alterations omitted). In this case, Long waived the right to "[a]ppeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined." (R., vol. I at 81.) Here, Long attempts to modify the PSR, which was the manner in which his sentence was determined. We conclude that this falls within the scope of Long's waiver.

---

assessing the drug amounts for which he was held accountable. Second, Long argues that the district court failed to append a copy of its determination concerning disputed portions of the PSR to the copy of the PSR made available to the Bureau of Prisons as required by Federal Rule of Criminal Procedure 32(i)(3)(C). Long, however, failed to raise both of these issues in the proceedings below. Therefore, we will not consider them on appeal. See Tele-Commc'ns, Inc. v. Comm'r, 104 F.3d 1229, 1232 (10th Cir. 1997) ("Generally, an appellate court will not consider an issue raised for the first time on appeal.").

Next, we must determine whether Long knowingly and voluntarily waived his appellate rights. In Long's previous appeal, this Court determined that Long did knowingly and voluntarily waive his appellate rights. Long, 218 F. App'x at 809. Thus, we need not revisit that issue.

Finally, we must determine whether enforcing the waiver would result in a miscarriage of justice. A miscarriage of justice occurs where (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." Hahn, 359 F.3d at 1327. The only category that appears to be relevant in this case is whether the waiver is otherwise unlawful. An appellate waiver is "otherwise unlawful" only if it seriously affects "the fairness, integrity or public reputation of judicial proceedings." Id. We fail to see how enforcing Long's waiver would seriously affect the fairness, integrity, or public reputation of judicial proceedings. Long admitted to the drug quantity contained in the PSR when he failed to object to that quantity in the original sentencing proceedings. See United States v. Walters, 269 F.3d 1207, 1213 (10th Cir. 2001) (explaining that facts contained in the PSR are deemed admitted as true unless challenged). The passing misstatements made by the district court during sentencing do not overcome that admission. Therefore, this Court's enforcement of Long's waiver does not result in a miscarriage of justice.

5

Even if this appeal did not fall within the scope of Long's waiver, we agree with the district court that his request for a correction of the PSR under Federal Rule of Criminal Procedure 36 should be denied. Rule 36 enables a court to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Rule 36 is not the proper procedural avenue for Long to challenge the drug quantity contained in the PSR because the PSR does not contain a clerical error. Pursuant to Federal Rule of Criminal Procedure 32(f), Long had fourteen days after receiving the PSR to challenge any facts contained therein. After that, the drug quantity contained in the PSR was deemed admitted because Long failed to object to it. He cannot now escape the strictures of Rule 32 by relying on Rule 36. See United States v. Wilkes, 376 F. App'x 295, 296 (4th Cir. 2010) (per curiam) (unpublished) ("We note that Rule 36 motions apply only to clerical errors and are not the proper vehicle for challenging the substance of the information in a presentence report ("PSR"). Rather, any challenges to a PSR should be filed within fourteen days of receiving the document." (citing Fed. R. Crim. P. 32(f))).

Although we GRANT Long's motion for leave to proceed IFP, we conclude that Long's waiver of his right to appeal is enforceable and DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

6