**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

GONZALO GOMEZ-OLIVAS, a/k/a
Joseph Hernandez, a/k/a Christino, a/k/a
Bellota, a/k/a Anthony M. Flores,

     Defendant - Appellant.

No. 16-8107
(D.C. No. 2:96-CR-00102-ABJ-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Gonzalo Gomez-Olivas was convicted in 1997 of conspiracy to distribute, and

to possess with intent to distribute, cocaine and marijuana. *See* 21 U.S.C.

§§ 841(a)(1), 846. Based on a total offense level of 40 and a criminal history

category of IV, the Presentence Investigation Report (PSR) calculated a Guidelines

range of 360 months to life in prison. The district court adopted these findings and,

on September 11, 1997, imposed a life sentence.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Nearly two decades later, Gomez-Olivas filed a motion to correct the PSR. Specifically, Gomez-Olivas argued that the PSR should reflect an offense level of 38, rather than an offense level of 40, and a corresponding Guidelines range of 324 to 405 months, rather than a Guidelines range of 360 months to life. In support, Gomez-Olivas cited Rule 36 of the Federal Rules of Criminal Procedure, which allows a court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The district court denied the motion in relevant part, reasoning that (1) Rule 36 only allows district courts to correct clerical errors, not substantive ones, and (2) the alleged errors that Gomez-Olivas lists constitute substantive errors.

Proceeding pro se[1] on appeal, Gomez-Olivas asserts this was error. But he doesn't provide any controlling authority that would support that assertion. On the contrary, we've "previously held that [Rule 36] allows correction of only non-substantive errors." *United States v. Lonjose*, 663 F.3d 1292, 1299 n.7 (10th Cir. 2011). More specifically, we've explained that "Rule 36 motions apply to clerical errors only and are not the proper vehicle to challenge the substance of the information in a presentencing report." *United States v. Simon*, 36 F. App'x 415, 416 (10th Cir. 2002) (unpublished); *see also United States v. Long*, 419 F. App'x 845, 848 (10th Cir. 2011) (unpublished). Moreover, Gomez-Olivas doesn't explain why we should treat the errors he alleges as clerical—rather than substantive—in nature.

---

[1] Because Gomez-Olivas proceeds pro se, we liberally construe his filings. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). But it's not our role to act as his advocate. *Id.*

Accordingly, we affirm the district court's order denying in part Gomez-Olivas's Rule 36 motion. Finally, we grant Gomez-Olivas's motion to proceed in forma pauperis on appeal.

Entered for the Court

Nancy L. Moritz
Circuit Judge